# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MCGARRY & MCGARRY LLC, | ) |
|     Appellant, | ) No. 17-cv-08745 |
| v. | ) Judge Andrea R. Wood |
| INTEGRATED GENOMICS, INC., et al., | ) On Appeal from the United States Bankruptcy Court for the Northern District of Illinois, Case No. 11-19086 |
|     Appellees. | ) |

## MEMORANDUM OPINION AND ORDER

This appeal concerns the Bankruptcy Court's denial of Appellant McGarry & McGarry LLC's ("McGarry") motion to reopen the subject bankruptcy case to allow McGarry to bring antitrust claims against Appellee Bankruptcy Management Solutions, Inc. ("BMS") in the place of the bankruptcy trustee. For the reasons discussed below, the Court affirms the Bankruptcy Court's decision.

## BACKGROUND[1]

Appellee Integrated Genomics, Inc. filed for Chapter 7 bankruptcy in 2011. During the course of the bankruptcy proceeding, on August 30, 2013, the bankruptcy trustee filed a final report disclosing the payment of bank service fees in the amount of $514.16 to Rabobank as an administrative expense. McGarry did not object to the bank service fees. After the final report and accompanying fee applications were approved, the balance of the estate's funds was disbursed. The case was closed in April 2014. McGarry was the largest general unsecured creditor. It held an allowed claim of $78,308 and ultimately received $12,472.

---

[1] This Court takes the following facts from the Bankruptcy Court's order denying McGarry's motion to reopen ("Order"). (Dkt. No. 1-1.) The Bankruptcy Court's findings of fact are reviewed for clear error. *In re Herman*, 737 F.3d 449, 452 (7th Cir. 2013).

According to McGarry, in the spring of 2016, it began to obtain evidence of Rabobank paying $514.16 to BMS and BMS price-fixing bankruptcy support and banking services in bankruptcy cases nationwide in violation of antitrust laws. McGarry then attempted to pursue claims concerning the alleged price-fixing in several lawsuits. In June 2016, McGarry sued Rabobank in the United States District Court for the Northern District of Illinois. The district court dismissed the case for failure to state a claim, and the Seventh Circuit affirmed the dismissal. *See McGarry & McGarry, LLC v. Rabobank, N.A.*, 847 F.3d 404 (7th Cir. 2017), *cert. denied McGarry & McGarry v. Rabobank, N.A.*, 137 S. Ct. 2177 (2017).

In September 2016, McGarry sued BMS, alleging violations of federal and state laws. In June 2017, the district court dismissed McGarry's federal claim and declined to exercise supplemental jurisdiction over the state claim. *See McGarry & McGarry, LLP v. Bankr. Mgmt. Soultions, Inc.*, No. 16 CV 8914, 2017 WL 2619143, at *4 (N.D. Ill. June 16, 2017). In reaching that decision, the court rejected the argument that McGarry was the only party that could bring an antitrust claim stating that, "this is not the case, as the Bankruptcy Code, 11 U.S.C. § 350, permits any interested party to move to reopen an estate[;] [f]or example, a debtor may petition to reopen an estate specifically to investigate a potential antitrust claim." *Id.* at *3. McGarry did not appeal the decision but filed the state law claim against BMS in state court in July 2017. The case was removed to federal court and was still pending at the time of the Bankruptcy Court decision that is the subject of the present appeal.[2]

In September 2017, over three years after the bankruptcy case was closed, McGarry moved to reopen it pursuant to 11 U.S.C. § 350 to allow the estate to assert claims against BMS

---

[2] The case was later dismissed. *See McGarry & McGarry LLP v. Bankr. Mgmt. Soultions, Inc.*, No. 17 CV 5779, 2018 WL 3218659 (N.D. Ill. July 2, 2018).

for the alleged price-fixing.[3] McGarry also sought derivative standing to pursue those claims.[4] Appellants BMS and the United States Trustee (the Department of Justice official appointed to supervise the administration of bankruptcy cases) objected to McGarry's motion. The Bankruptcy Court denied the motion, holding that McGarry failed to act within a reasonable time to reopen the case and was not entitled to relief anyway because the trustee's refusal to move to reopen the case was justified under the circumstances. The present appeal followed.

## DISCUSSION

Under 11 U.S.C. § 350(b), a bankruptcy "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." For example, a bankruptcy court may reopen a case to correct errors, for amendments required due to unanticipated events that frustrate implementation of a plan, or to enforce the plan and discharge. *See In re Zurn*, 290 F.3d 861, 864 (7th Cir. 2002). The decision to reopen a case is within a bankruptcy court's broad discretion and thus reviewed for abuse of discretion. *Redmond v. Fifth Third Bank*, 624 F.3d 793, 798 (7th Cir. 2010).

In determining whether to reopen a case, a bankruptcy court "may consider a number of nonexclusive factors . . . , including (1) the length of time that the case has been closed; (2) whether the debtor would be entitled to relief if the case were reopened; and (3) the availability of nonbankruptcy courts, such as state courts, to entertain the claims." *Redmond*, 624 F.3d at 798. Regarding the first factor, "[t]he passage of time weighs heavily against reopening"—"[t]he longer a party waits to file a motion to reopen a closed bankruptcy case, the more compelling the

---

[3] McGarry moved to reopen the case for the first time in August 2017, but that initial motion was denied due to service issues. (Sept. 6, 2017 Order, App. of Appellant at A-10, Dkt. No. 10-2.)

[4] Prior to moving to reopen the case, McGarry wrote to the bankruptcy trustee asking him to move to reopen the case. McGarry even offered to represent the estate and to bear all fees and expenses of the litigation. But the trustee declined to move to reopen the case.

3

reason to reopen must be." *Id.* at 799. In reviewing whether a motion is timely, courts may consider lack of diligence by the moving party and prejudice to the nonmoving party caused by the delay. *Id.* And "[w]hile the passage of time in itself does not constitute prejudice to the opposing party, a delay may be prejudicial when combined with other factors such as court costs and attorney's fees in [other] proceedings." *Id.*

Here, McGarry concedes that it knew of the potential antitrust claim against BMS in the spring of 2016. At that time, the bankruptcy case had been closed for about two years. But instead of promptly moving to reopen the bankruptcy case, McGarry pursued several new civil lawsuits and only turned to the Bankruptcy Court more than a year after it knew about the claim. This delay also came at a price to BMS, as it had to defend itself against several lawsuits brought by McGarry. Thus, this Court concludes that the Bankruptcy Court did not abuse its discretion in concluding that McGarry's motion was untimely.[5] *See In re Bianucci*, 4 F.3d 526, 529 (7th Cir. 1993) (holding that debtors' delay in moving to reopen the case two years after it was closed and five months after they knew of the creditor's lien as well as creditor's costs incurred in a proceeding in another court "provide ample reason for the bankruptcy court to decline to reopen the case").

McGarry argues that the Bankruptcy Court abused its discretion because it did not consider whether any party would suffer prejudice as a result of the delay. But the Bankruptcy Court did evaluate the prejudice caused by the delay by noting that BMS was sued several times by McGarry prior to the motion to reopen. As the Bankruptcy Court explained, "McGarry concedes that it knew about the claim by spring of 2016, which means it could have presented the

---

[5] Because this Court reaches its conclusion based on the delay starting from the time when McGarry conceded it knew of the claim, there is no need to address the Bankruptcy Court's ruling that the cause of action McGarry sought to pursue was publicly percolating in 2011 and that McGarry had or could have discovered with reasonable diligence enough facts to act long before filing its motion.

matter to the bankruptcy court then but did not[;] [i]nstead, McGarry pursued antitrust claims against . . . BMS in the district court and lost" and also "in state court before winding up right back in district court." (Order at 4, Dkt. No. 1-1.) In addition, the Bankruptcy Court noted the risk of conflicting rulings, as McGarry still had a case pending in another court. (*Id.* at 6.) The Bankruptcy Court also emphasized the importance of finality of bankruptcy judgments and voiced concerns regarding belated attacks on judgments (*see id.* at 3). *Cf. Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 630 (7th Cir. 1997) (discussing that there is "strong policy favoring the finality of judgments").

McGarry further argues that the Bankruptcy Court abused its discretion by failing to consider that the antitrust claim was well within the statute of limitations period. But McGarry cites no caselaw to support its position that the Bankruptcy Court was required to consider the relevant statute of limitations when ruling on the timeliness of a motion to reopen a case. And § 350(b) does not state that there is a right to reopen a case simply because the statute of limitations on a claim has not expired. *Cf. In re Apex Oil Co., Inc.*, 406 F.3d 538, 541–42 (8th Cir. 2005) (declining to interpret § 350 as giving a *per se* right to reopen the case where certain conditions were satisfied because "the statute is clearly phrased in permissive language and states that bankruptcy courts may, but are not required to, reopen a closed bankruptcy estate"). Therefore, McGarry's arguments are unavailing.

**CONCLUSION**

For the reasons stated above, the decision of the Bankruptcy Court denying McGarry's motion to reopen the bankruptcy is affirmed. The Clerk is directed to enter Judgment in favor of the Appellees.

ENTERED:

Dated: September 30, 2018

_____
Andrea R. Wood
United States District Judge